1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

**EASTERN DIVISION**

11

12   IN RE EARNEE WINDELL SMITH,     )   No. ED CV 15-1226-RT (PLA)
                                     )
13              Petitioner,          )
                                     )
14         v.                        )   **ORDER SUMMARILY DENYING PETITION**
                                     )   **FOR WRIT OF HABEAS CORPUS**
15   BEHAVIORAL SYSTEM SOUTHWEST,    )
     et al.,                         )
16                                   )
                                     )
17              Respondents.         )
     _____)

18                                          **I.**

19                                    **BACKGROUND**

20         On October 23, 2000, in the United States District Court for the Central District of California,

21   Eastern Division, a jury convicted petitioner of two counts of bank robbery in violation of 18 U.S.C.

22   § 2113.  (Case No. ED CR 99-24-RT-1 ("ED CR 99-24")).  On August 27, 2001, petitioner was

23   sentenced to a total term of 210 months in prison, to be followed by three years of supervised

24   release.  (Case No. ED CR 99-24, Dkt. No. 106).  He was also ordered to pay restitution in the

25   amount of $3,160.00, with restitution due during the period of imprisonment and during supervised

26   release.  (Id.).  Petitioner appealed his conviction and sentence to the Ninth Circuit Court of

27   Appeals, which affirmed the judgment on November 3, 2003.  United States v. Smith, 80 Fed.

28   App'x 571 (9th Cir. 2003) (unpublished disposition).

Since that time, petitioner has filed the following actions and/or motions in this Court:

(1)  Case number CV 04-6484-DT (RC):  petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that as an "Ambassador ord[a]ined by God," and a "Public Minister of Justice," he was entitled to diplomatic immunity under the Vienna Convention on Diplomatic Relations.  (Case No.  CV 04-6484-DT (RC), Dkt. No. 29 at 2).  The petition was denied on the merits and dismissed with prejudice on March 11, 2005 (Case No.  CV 04-6404-DT (RC), Dkt. No. 33);

(2)  Case number ED CV 05-960-RT:  petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming false and inaccurate information was placed in his prison file.  (Case No. ED CV 05-960-RT, Dkt. No. 20).  On March 17, 2006, the petition was dismissed without prejudice pursuant to petitioner's request to voluntarily dismiss the action pursuant to Rule 41(a) of the Federal Rules of Civil Procedure (id.);

(3)  Case number ED CV 08-808-RT:  petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that the sentencing court did not have the authority to order that he pay restitution while he is incarcerated and to delegate to the United States Bureau of Prisons ("BOP") the collection of such restitution through its Inmate Financial Responsibility Program ("IFRP").  (Case No. ED CV 08-808-RT, Dkt. No 2).  On June 20, 2008, the petition was denied on the merits (id.);

(4)  Case number CV 08-826-RT:  petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, asserting that his bank robbery convictions and sentence in the criminal action were invalid because this Court did not have subject matter jurisdiction over the two alleged bank robberies.  (Case No. CV 08-826-RT, Dkt. No. 2).  On February 26, 2008, the Court dismissed the petition on the ground that it was untimely (id.);

(5)  Case number CV 11-2813-RT:  petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that (a) the BOP failed to provide him with the entire pre-sentence jail time credit to which he is entitled; and (b) although petitioner tendered a certified bond to the clerk of court in full satisfaction of his outstanding restitution obligation in the amount of $3,148.00, the clerk failed to apply the bond to petitioner's restitution obligation as required.

1    (Case No. CV 11-2813-RT, Dkt. No. 11).  On June 19, 2012, the Court dismissed petitioner's first

2    claim on the merits, with prejudice, and his second claim on the merits, without prejudice (id.).

3         (6) Case Number ED CR 99-24-RT:  on March 23, 2012, petitioner filed a "Motion for

4    Termination of Case Number 99-24-RT and Supervise[d] Release," in which he "appear[ed] to

5    argue" that because he filed certain surety bonds with the Court on November 9, 2011, he had

6    satisfied his restitution obligation, and the Court should terminate the criminal case, including the

7    sentence, release him from further custody, and vacate his three-year supervised release term.

8    (Case No. ED CR 99-24, Dkt. Nos. 159-60, 161).  On June 7, 2012, the Court denied the motion,

9    noting that petitioner provided no supporting authority for his argument, and that petitioner's

10   "somewhat complicated, difficult-to-follow deposit of surety bonds . . . does not clearly show that

11   he has even satisfied his restitution obligation."  (Case No. ED CR 99-24, Dkt. No. 161).

12        Now, on June 23, 2015, petitioner filed a document captioned "Ex Parte Earnee Windell

13   Smith[;] IN RE EARNEE WINDELL SMITH," and titled "Writ of Habeas Corpus for Discharge

14   Hearing" ("Petition" or "Pet."), that was assigned a new case number, ED CV 15-1226-RT (PLA)

15   ("ED CV 15-1226") (Case No. ED CV 15-1226, Dkt. No. 1).  Petitioner did not name a respondent.

16   (Id.).  In his Petition, petitioner requests a discharge hearing pursuant to 28 U.S.C. §§ 2007(b) and

17   3206,[1] so that he can be released from his "obligation imposed by the Court," which, based on the

18   context of the documents submitted, appears to refer to the restitution fine imposed in case

19   number ED CR 99-24.  (Pet. at 2).  Petitioner notes that the Petition "is related to case number

20   CR-99-24-RT," and states that "[t]he original motion was never ruled upon and is now hereby re-

21   submitted . . . ."[2]  (Pet. at 1).  With his Petition, petitioner submitted a "Declaration by Affidavit for

23   [1]   Title 28 U.S.C. § 2007(b) provides that "[a]ny proceedings for discharge shall be conducted
     before a United States magistrate judge for the judicial district wherein the defendant is held."  Section
24   3206 provides that "[a] person who pursuant to an execution or order issued under this chapter by a
     court pays or delivers to the United States, a United States marshal, or a receiver, money or other
25   personal property in which a judgment debtor has or will have an interest, or so pays a debt such
26   person owes the judgment debtor, is discharged from such debt to the judgment debtor to the extent
     of the payment or delivery."

27   [2]   On July 13, 2015, petitioner filed a "Petition to Amend Parties and Argument to Writ of
28                                                                                     (continued...)

1   Bond," signed and notarized by petitioner on June 4, 2015 (Pet. Ex. A); a document entitled

2   "Affidavit[;] Public Notice and Declaration[;] Special Objection and Protest[;] Notice of Defect and

3   Rejection of Benefits," signed by petitioner on June 10, 2002 (Pet. Ex. B at 7-17); a document

4   entitled "International Promissory Note[;] Uncitral Convention of 1988," signed by petitioner on

5   June 22, 2015, and purporting to tender $40,000,000.00 to the United States District Court in case

6   number ED CR 99-24 (Pet. Ex. B at 18-19); and a document entitled "Statement of Account"

7   signed by petitioner on June 24, 2015, purporting to discharge $40,000,000.00 on "invoice number

8   CR-99-24-RT," such that his "Ending Balance of Charges" is $0.00.  (Pet. Ex. B at 20-21).

9        In his July 13, 2015, Petition to Amend (see supra note 2), petitioner names as respondents

10  Jeff Matson, Residential Reentry Center Manager; Shaney Gray, Behavioral System Southwest

11  Rubidoux Residential Reentry Center Program Director; and the United States Probation Office.

12  (Dkt. No. 3 at 2).  He also includes additional argument in support of his request for a discharge

13  hearing.  (Dkt. No. 3 at 3).

14

15                                          **II.**

16                                      **ANALYSIS**

17       Whether the Court considers the Petition as a habeas petition[3] seeking to discharge the

18  restitution fine, or as a "resubmission" of a prior motion in case number ED CR 99-24,[4] the end

19

---

20       [2](...continued)

21  Habeas Corpus" ("Petition to Amend").  (Dkt. No. 3).  In his Petition to Amend, petitioner states
    that the argument he is making "is basically the same argument the Petitioner filed on July 25,

22  2002, in case number CR 99-24-RT, docket number 125 . . . [and] [t]hat motion describe[s] most
    of Petitioner's Claims that are before this Court for a Discharge Hearing."  (Pet. to Amend at 3).

23  Petitioner's July 25, 2002, motion is described on the Court's docket as a motion for a "hearing
    & relief purs[uant] to suppl[emental] rule E(4)(F) & 60(b)(5)."  (Case No. ED CR 99-24, Dkt. No.

24  125).  It does not appear that the motion was ever ruled upon.

25       [3]   This Court previously determined that petitioner's restitution-based claim is properly raised in

26  a § 2241 habeas petition.  (See Case No. CV 11-2813-RT, Dkt. No. 11 at 7-8).

27       [4]   Based on the potential "conflict" between petitioner's label of his Petition as a "Writ of
    Habeas Corpus," and his statement that he is resubmitting an "original motion [that] was never

28                                                                              (continued...)

4

result is the same.  As was the case with the petition he filed in case number CV 11-2813-RT, petitioner here has provided the Court with no evidentiary (or on-point legal) support for his claim that the alleged "bond" or "promissory note" that he discusses in his Exhibits to the Petition satisfies his outstanding restitution obligation.  Indeed, none of the documents attached to the Petition demonstrates that petitioner has provided any *acceptable payment* to the Court that would discharge his restitution obligation in whole or in part.  Nor do petitioner's payment assertions include the requisite reliable detail for this Court to conclude with any finality that petitioner has in fact submitted an acceptable payment to the Clerk of Court that should discharge his restitution obligation.  See 18 U.S.C. § 3664(f)(3)(A) (describing forms of restitution payments, including a single, lump-sum payment; partial payments at specified intervals; in-kind payments; or a combination of payments at specified intervals and in-kind payments).  In other words, petitioner fails to meet his burden of showing that he is entitled to the relief he seeks.  Cf. Walker v. Johnston, 312 U.S. 275, 286 (1941) (petitioner has burden of proof as to petition's allegations); Gilmore v. Lynch, 319 F. Supp. 105, 110 (N.D. Cal. 1970) (discussing burden on petitioner to show need for related evidentiary hearing); Espinoza v. Sabol, 558 F.3d 83, 89 (1st Cir. 2009) ("[T]he burden of proof under § 2241 is on the prisoner."); Gibbs v. Thomas, 2010 WL 3211876, at *1 (E.D. Cal. Aug. 12, 2010) (noting that "[i]t is established that it is the petitioner's burden to show that he is in custody in violation of the laws of the United States.").[5]

Based on the foregoing analysis, petitioner's request for a hearing discharging his restitutionary obligation is **denied without prejudice**.

/

---

[4](...continued)
ruled upon," whether the Court should consider this document as a motion submitted in case number ED CR 99-24 or as a new petition is not clear.  However, as discussed herein, the end result is the same.

[5]   Petitioner does not contend that he is in custody at the time of filing this Petition.  Based on the Petition to Amend, it appears that petitioner is currently residing at a residential reentry center in Rubidoux, California.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## III.

## DISPOSITION

ACCORDINGLY, IT IS ORDERED, that petitioner's claim for relief is **dismissed without prejudice**, and his Petition is **denied**.

DATED: July 30, 2015

ROBERT J. TIMLIN

-------------------------------------------------------------
HONORABLE ROBERT J. TIMLIN
SENIOR UNITED STATES DISTRICT JUDGE